# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICK CHRISTIAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:22-cv-03742 (UNA) |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant the IFP application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues the United States, the Democratic Party, and the Republican Party. He broadly cites to numerous provisions of state and federal law but fails to state a single cognizable claim. The complaint is vague, rambling, and is comprised of "57" hypothetical questions. It is also rife with unconnected blanket statements and anecdotes. For example, plaintiff discusses

topics, including, but not limited to, wide-scale conspiracies, voyeurism, "canonical impropriety," "misconduct by sworn oath takers," "prosecutorial vindictiveness," false medical diagnoses, forced hospitalizations, murder, and alleged wrongdoing by various individuals, politicians, public figures, and celebrities.  He contends that Congress has [sic] "passed Laws to favor Racist's and Homosexual's," despite "the weight of the holy Bible and Holy Quran [that] tells us that GOD frowns upon this way of life."  He seeks $15 billion in damages and demands that defendants and many others be held criminally responsible for their alleged conspiracy to "victimize" him because he is "heterosexual, honorable, and gentlemanly, [and] due to their jealousy, envy, malice, psychosis, wickedness, greed, and animosity[.]"

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint falls into this category.  In addition to failing to state a claim for relief, the complaint is frivolous on its face.  Consequently, the complaint and this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

/s/_____
CHRISTOPHER R. COOPER

Date:   January 4, 2023                                    United States District Judge